644 A.2d 34

**Charles R. CHRIST, Jr., a Minor, by His Next Friend and Father Charles R. CHRIST**

**v.**

**MARYLAND DEPARTMENT OF NATURAL RESOURCES.**

**No. 136, Sept. Term, 1992.**

Court of Appeals of Maryland.

July 14, 1994.

428

Bradford I. Webb, (Siskind, Burch, Grady & Rosen, all on brief), Baltimore, for appellant.

J. Joseph Curran, Jr., Atty. Gen. (Andrew H. Baida and Stuart G. Buppert, II, Asst. Attys. Gen., all on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE,* CHASANOW, KARWACKI and BELL, JJ.

ELDRIDGE, Judge.

The dispute in this case concerns the validity of a Maryland Department of Natural Resources regulation, COMAR 08.18.-02.05A, prohibiting the operation of personal watercraft in Maryland waters by any individual who is less than 14 years old.[1] The challenge to the regulation presents two issues: (1) whether Maryland Code (1974, 1990 Repl.Vol., 1993 Cum. Supp.), § 8–704 of the Natural Resources Article,[2] grants to

---

* McAuliffe, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

1. COMAR 08.18.02.05A provides as follows:

   "A person may not lease, hire, rent, operate, or give permission to operate a personal watercraft unless the operator is 14 years old or older."

   A personal watercraft, commonly known as a "jet ski," is defined at COMAR 08.18.02.04(B)(2) as a vessel which

   "(a) Has an inboard motor which uses an internal combustion engine powering a water jet pump as its primary source of motive propulsion;

   (b) Is designed with the concept that the operator and passenger ride on the outside surfaces of the vessel as opposed to riding inside the vessel;

   (c) Has the probability that the operator and passenger may, in the normal course of use, fall overboard; and

   (d) Is designed with no open load carrying area which would retain water."

2. Section 8–704 is contained within a subtitle designated as the "State Boat Act," Code (1974, 1990 Repl.Vol., 1993 Cum.Supp.), §§ 8–701 through 8–740 of the Natural Resources Article. Section 8–704, relied on by the Department as the statutory authority to enact COMAR 08.18.02.05A, reads in relevant part as follows:

the Department the authority to adopt a prohibition against the operation of a particular type of vessel by persons under a certain age; (2) if the regulation is authorized by the statute, whether the delegation by the General Assembly to the Department of such broad authority violates the separation of powers requirement of the Maryland Declaration of Rights.[3]

## I.

The relevant facts underlying this action are not in dispute. The COMAR 08.18.02.05A age restriction was promulgated by the Department in August 1990, after the Department concluded that public concern over the use of personal watercraft on Maryland's crowded waterways had greatly increased.[4]

---

**"Regulations of Department.**
"(a) *In general.*—The Department may adopt regulations necessary to carry out the provisions of this subtitle.

    \*     \*     \*     \*     \*     \*

"(b–1) *Subjects of Regulations.*—The Department shall adopt regulations governing the following:
(1) ... operations of any vessels subject to this subtitle so that each vessel complying with the regulations may be operated with equal freedom or under similar requirements on all waters of the State."

3. Article 8 of the Maryland Declaration of Rights provides:
   "That the Legislative, Executive and Judicial powers of Government ought to be forever separate and distinct from each other; and no person exercising the functions of one of said Departments shall assume or discharge the duties of any other."

4. Apparently, personal watercraft have become increasingly popular on Maryland's waters. In the Department's view, the greater numbers of these vessels, as well as their unique characteristics, have led to dangerous boating conditions. In recommending the promulgation of the regulation, the Department's Director of Boating Administration stated that personal watercraft are
   "small, agile, extremely responsive to forward throttle, virtually unsinkable, and have extremely shallow drafts....

    \*     \*     \*     \*     \*     \*

   "[They] are intended for fast, quick maneuvering where the operator often has spray in his/her face and the operator and passenger have the probability of falling off."
   In the court below, the plaintiff's attorney conceded that "[t]here was quite obviously a need that there be some regulation of the operation of these jet skis on the Maryland waterways."

Prior to the implementation of the regulation, Charles R. Christ, Jr., had been free to operate his personal watercraft on Maryland waters. When the regulation went into effect, however, Mr. Christ, who was then under 14 years of age, was precluded from using his personal watercraft in the State.

Charles R. Christ, Jr., by his father, brought this action in the Circuit Court for Baltimore County, seeking both a declaratory judgment that COMAR 08.18.02.05A was invalid and a permanent injunction against the enforcement of the regulation.[5]  Christ argued in the circuit court that the regulation was not authorized by statute.  He also argued that, if authorized, such delegation to the Department by the General Assembly violated the constitutional requirement of separation of powers between the legislative and executive branches of government.  According to Christ, an age restriction for operating a particular type of vessel involves a "fundamental policy

---

After receiving numerous complaints, running tests, and holding public hearings, the Department determined that users under the age of fourteen lacked the maturity, experience and physical ability to control personal watercraft in a manner safe for the entire boating community.

5.  The plaintiff's action is generally authorized by the Maryland Uniform Declaratory Judgment Act, Code (1974, 1989 Repl.Vol.), §§ 3–401 through 3–405 of the Courts and Judicial Proceedings Article, and more specifically by the Maryland Administrative Procedure Act, Code (1984, 1993 Repl.Vol.), § 10–125 of the State Government Article.  The latter section provides in relevant part as follows:

"(a) *Petition authorized.*—(1) A person may file a petition for a declaratory judgment on the validity of any regulation, whether or not the person has asked the unit to consider the validity of the regulation.

\*      \*      \*      \*      \*      \*

"(b) *Authority to consider.*—A court may determine the validity of any regulation if it appears to the court that the regulation or its threatened application interferes with or impairs or threatens to interfere with or impair a legal right or privilege of the petitioner.

\*      \*      \*      \*      \*      \*

"(d) *Finding of invalidity.*—Subject to § 10–128 of this subtitle, the court shall declare a provision of a regulation invalid if the court finds that:

(1) the provision violates any provision of the United States or Maryland Constitution;

(2) the provision exceeds the statutory authority of the unit...."

making decision," that "has to be retained, and can only be done by the General Assembly." The Department filed a motion for summary judgment, contending that the regulation was valid.

After a hearing, the circuit court issued an opinion rejecting both of the plaintiff's arguments, stating that "the Department has not acted in an unconstitutional manner or exceeded its statutory authority," and concluding that the action should be "dismissed." Specifically, the circuit court held that the language of § 8–704(b–1)(1) of the State Boat Act, directing the Department to "adopt regulations governing" the "operations of any vessels," clearly included regulations concerning who may operate vessels. The circuit court additionally rejected Christ's separation of powers argument, holding that

> "[t]he contention that the regulation is unconstitutional because the State legislature delegated authority to the Department for action on an issue which can only be controlled by the legislature is without merit. Age regulation for the operation of vessels on the waterways of the State is not so fundamental as to require action by the legislature itself."

A judgment was entered on the circuit court's docket ordering "that this case is dismissed."

Christ timely noted an appeal from the circuit court's dismissal, and this Court issued a writ of certiorari prior to argument in the Court of Special Appeals, 329 Md. 168, 617 A.2d 1085.

## II.

Before turning to the merits of the dispute in this case, it is necessary to address a procedural matter. As mentioned above, the circuit court, disagreeing with the plaintiff's contention that the regulation was invalid, dismissed the declaratory judgment action. This was clearly in error. Although, for the reasons set forth later in the opinion, we find ourselves in agreement with the circuit court's conclusions concerning the validity of the regulation, the judgment dismissing the case must be vacated.

■ This Court has emphasized, time after time, that dismissal "is rarely appropriate in a declaratory judgment action." *Popham v. State Farm,* 333 Md. 136, 140 n. 2, 634 A.2d 28, 30 n. 2 (1993), quoting *Broadwater v. State,* 303 Md. 461, 465, 494 A.2d 934, 936 (1985). *See, e.g., Turnpike Farm v. Curran,* 316 Md. 47, 49, 557 A.2d 225, 226 (1989); *Boyds Civic Ass'n v. Montgomery County,* 309 Md. 683, 687 n. 2, 526 A.2d 598, 600 n. 2 (1987); *Jennings v. Government Employees Ins.,* 302 Md. 352, 355, 356, 488 A.2d 166, 167–168 (1985); *State v. Burning Tree Club,* 301 Md. 9, 17, 481 A.2d 785, 789 (1984); *Koontz v. Ass'n of Classified Emp.,* 297 Md. 521, 529, 467 A.2d 753, 758 (1983); *Carroll Co. Educ. Ass'n v. Bd. of Educ.,* 294 Md. 144, 155–156, 448 A.2d 345, 351 (1982); *East v. Gilchrist,* 293 Md. 453, 461 n. 3, 445 A.2d 343, 347 n. 3 (1982); *Mauzy v. Hornbeck,* 285 Md. 84, 90–92, 400 A.2d 1091, 1095 (1979), and cases there cited.

■ It is proper to dismiss a declaratory judgment action only where there is a lack of jurisdiction or where a declaratory judgment is not an available or appropriate type of remedy. *See, e.g., Popham v. State Farm, supra,* 333 Md. at 140–141 n. 2, 634 A.2d at 30 n. 2 (declaratory judgment ordinarily is not available when the issue has become moot); *Turnpike Farm v. Curran, supra,* 316 Md. at 49, 557 A.2d at 226 (declaratory judgment action is not available, and should be dismissed, where there is a pending action between the parties presenting the same issue); *Boyds Civic Ass'n v. Montgomery County, supra,* 309 Md. at 688–700, 526 A.2d at 600–607 (declaratory judgment action, to be entertained by the court, must present a justiciable controversy); *State v. Burning Tree Club, supra,* 301 Md. at 18, 481 A.2d at 789 (declaratory judgment action should be dismissed where the plaintiff lacks standing); *Koontz v. Ass'n of Classified Emp., supra,* 297 Md. at 529–530, 467 A.2d at 758 (declaratory judgment action was properly dismissed where the dispute had become moot).

■ Where a controversy is appropriate for resolution by declaratory judgment, however, the trial court must render a declaratory judgment. The court's rejection of the plaintiff's

position on the merits furnishes no ground for dismissal. In *East v. Gilchrist, supra,* 293 Md. at 461 n. 3, 445 A.2d at 347 n. 3, this Court, in language directly applicable to the present case, pointed out that

> "where a plaintiff seeks a declaratory judgment that a particular legal provision is valid (or invalid), and the court's conclusion regarding the validity of the provision is exactly opposite from the plaintiff's contention, nevertheless the court must, under the plaintiff's prayer for relief, issue a declaratory judgment setting forth the court's conclusion as to validity."

Judge Prescott for the Court in *Shapiro v. County Comm.,* 219 Md. 298, 302–303, 149 A.2d 396, 399 (1959), stated that, under Maryland's declaratory judgment statute,

> "it is immaterial that the ultimate ruling may be unfavorable to the plaintiff. The test of the sufficiency of the [complaint] is not whether it shows that the plaintiff is entitled to the declaration of rights or interest in accordance with his theory, but whether he is entitled to a declaration at all; so, even though the plaintiff may be on the losing side of the dispute, if he states the existence of a controversy which should be settled, he states a cause of suit for a declaratory decree."

*See, e.g., Broadwater v. State, supra,* 303 Md. at 467, 494 A.2d at 937 ("[T]he trial judge should have declared the rights of the parties even if such declaration might be contrary to the desires of the plaintiff"); *Woodland Beach Ass'n v. Worley,* 253 Md. 442, 448, 252 A.2d 827, 830 (1969) ("a declaration should be given even if it is not the declaration sought by the plaintiff and, indeed, is entirely ... contrary to the theory of the plaintiff on which declaratory relief is sought").[6]

■ Under our cases, where a circuit court erroneously dismisses a declaratory judgment action, the dismissal must

---

**6.** In instances where the court is concerned that the plaintiff may not have raised all of the potential grounds for declaring a statute invalid, the court may issue a judgment declaring that the statute is not invalid for the specific reasons raised by the plaintiff.

be vacated, and an appropriate declaratory judgment must be entered. *Broadwater v. State, supra,* 303 Md. at 469–470, 494 A.2d at 938; *Carroll Co. Educ. Ass'n v. Bd. of Educ., supra,* 294 Md. at 155–156, 448 A.2d at 351; *Mauzy v. Hornbeck, supra,* 285 Md. at 92, 400 A.2d at 1095.

### III.

The plaintiff's position that COMAR 08.18.02.05A was not authorized by the General Assembly is based on two theories. First, the plaintiff argues that the language of the State Boat Act, Code (1974, 1990 Repl.Vol.), § 8–704(b–1)(1) of the Natural Resources Article, directing the Department to adopt regulations governing the "operations of any vessels," does not encompass age restrictions for operating certain types of vessels. Second, the plaintiff maintains that the age restriction conflicts with the overall spirit of the State Boat Act, in which, according to the plaintiff, the Legislature indicated its preference for educating young boaters rather than prohibiting their operation of certain vessels.

■■ Regulations promulgated by an administrative agency must, of course, be "consistent with the letter and spirit of the law under which the agency acts." *Department of Transportation v. Armacost,* 311 Md. 64, 74, 532 A.2d 1056, 1061 (1987). *See, e.g., Maryland State Police v. Warwick,* 330 Md. 474, 481, 624 A.2d 1238, 1241 (1993); *Insurance Comm'r v. Bankers,* 326 Md. 617, 623, 606 A.2d 1072, 1075 (1992). We agree with the circuit court that COMAR 08.18.02.05A, prohibiting those under 14 years of age from operating personal watercraft, was authorized by the State Boat Act.

In the State Boat Act, § 8–704(b–1)(1) of the Natural Resources Article, the General Assembly broadly granted to the Department the authority to adopt regulations governing the "operations of any vessels" which are subject to the Act. In numerous situations where the General Assembly has delegated similar broad power to an administrative agency to adopt legislative rules or regulations in a particular area, this Court

has upheld the agency's rules or regulations as long as they did not contradict the language or purpose of the statute.

For example, in *Jacobson v. Md. Racing Comm'n*, 261 Md. 180, 186, 274 A.2d 102, 104–105 (1971), where the pertinent statute gave the Racing Commission the "full power to prescribe rules, regulations and conditions under which all horse races shall be conducted," the contention that the legislative delegation of power did not reach a rule regulating the transfer of race horses was characterized by this Court as an argument which "approaches the frivolous." Other cases in which the Court has upheld agency regulations under broad, general grants of authority to adopt rules or regulations include, *e.g.*, *Falik v. Prince George's Hosp.*, 322 Md. 409, 588 A.2d 324 (1991) (broad grant of authority to the Workers' Compensation Commission to regulate fees for medical services); *Department of Transportation v. Armacost, supra*, 311 Md. at 67–69, 532 A.2d at 1057–1058 (statutory provisions directed administrative officials to adopt rules and regulations "for the establishment of [a motor vehicle] emissions inspection program," rules and regulations " 'as required for purposes of implementation, administration, regulation, and enforcement of the provisions of the subtitle,' " and rules and regulations " 'establishing emission standards to be used for the inspection of motor vehicles' "); *Sullivan v. Bd. of License Comm'rs*, 293 Md. 113, 123, 442 A.2d 558, 563 (1982) ("we think the broad authority vested in boards of license commissioners under ... the Act to adopt reasonable rules and regulations as may be necessary to effectively administer the law and to foster and promote temperance in the public interest is ... necessary"); *Automobile Trade Ass'n v. Ins. Comm'r*, 292 Md. 15, 22–23, 437 A.2d 199, 202 (1981) (Insurance Commissioner was authorized to adopt rules and regulations "appropriate and necessary" to implement the provisions of the Credit Life and Credit Health Insurance subtitle of the Insurance Code); *Pressman v. Barnes*, 209 Md. 544, 552, 121 A.2d 816, 820 (1956) (legislative body "may delegate to [administrative] officials the power to carry ordinances into effect,

even though such delegation requires the exercise of a certain amount of discretion").

The crux of the plaintiff's argument concerning absence of statutory authority is that "there is no specific delegation of authority by the General Assembly to the Department permitting the Department to promulgate regulations which *prohibit* the use of vessels by an entire class of citizens of the State." (Plaintiff's brief at 10). As the above-cited cases demonstrate, however, such specificity is not required. The broad authority to promulgate "regulations governing the ... operations of any vessels" plainly encompasses a regulation prohibiting the operation of certain motor vessels by persons under 14.

█ In any particular area of legislative concern, whether there should be a broad general delegation of regulatory authority to administrators, or a more specific delegation, is a choice for the General Assembly. As Chief Judge Murphy recently stated for the Court in *Falik v. Prince George's Hosp., supra*, 322 Md. at 417, 588 A.2d at 328,

> "[i]n a long line of cases, we have upheld broad delegations of legislative power to administrative agencies, particularly where it is impracticable for the legislature to set specific guidelines to govern the day-to-day exercise of the rule-making power."

*See also Sullivan v. Bd. of License Comm'rs, supra*, 293 Md. at 122–123, 442 A.2d at 563 ("it is manifestly impractical for the legislature to set specific guidelines to govern the day-to-day exercise of the rule-making power"); *Governor v. Exxon Corp.*, 279 Md. 410, 441, 370 A.2d 1102, 1119 (1977), *aff'd*, 437 U.S. 117, 98 S.Ct. 2207, 57 L.Ed.2d 91 (1978) ("It would obviously be impractical for the Legislature to set specific guidelines to govern all situations where exceptions to the [time schedule for complying with the statute] would be reasonable"); *Comptroller v. Rockhill, Inc.*, 205 Md. 226, 232, 107 A.2d 93, 97 (1954) ("it would be impossible for the Legislature to deal directly with the multitude of details in the complex conditions upon which it legislates").

■ The plaintiff invokes a provision of the State Boat Act directing the Department to "[p]romote safety of life and property through an educational program directed to boat owners, boat operators, and others concerning the inherent hazards of vessels ..." (§ 8–703(a)(2)). The plaintiff also relies on another section of the statute which states in relevant part as follows (§ 8–712.2(a)(1)):

> "Except as otherwise provided ... on or after July 1, 1988 a person born on or after July 1, 1972 may not operate on the waters of the State a vessel for pleasure that is required to be numbered in accordance with this subtitle or a vessel for pleasure as required to be numbered in accordance with the Federal Boat Safety Act of 1971 without first obtaining a certificate of Boating Safety Education."

In the plaintiff's view, these provisions reflect a legislative intent that the Department achieve the goal of boating safety "through education" rather than by a regulation prohibiting those under a particular age from operating certain types of vessels.

We agree that the above-quoted provisions show a legislative intent that boating safety be promoted through education. There is no inconsistency, however, between educational programs to promote boating safety and regulations imposing restrictions upon who can operate certain vessels. The chief provision relied on by the plaintiff, namely § 8–703(a)(2) directing the Department to promote safety through an educational program, is immediately followed in the statute by § 8–703(a)(3) directing the Department to "[p]lan a regulatory program." Nothing in the statute mandates a choice of educational requirements and programs over regulations concerning those persons who may operate particular types of boats. Both educational programs and regulations like COMAR 08.-18.02.05A may operate in tandem to promote boating safety.

We hold, therefore, that COMAR 08.18.02.05A is authorized by the General Assembly.

## IV.

■ The plaintiff alternatively argues that, if COMAR 08.18.02.05A is authorized under the State Boat Act, then the statute unconstitutionally delegates legislative power to an agency in the executive branch of government, in violation of the separation of powers requirement set forth in Article 8 of the Maryland Declaration of Rights.

■ This Court has "repeatedly pointed out that Art. 8 of the Maryland Declaration of Rights does not impose 'a complete separation between the branches of government.'" *Judy v. Schaefer*, 331 Md. 239, 261, 627 A.2d 1039, 1050 (1993), quoting *Department of Transportation v. Armacost, supra*, 311 Md. at 81, 532 A.2d at 1064. *See also, e.g., Dep't of Nat. Res. v. Linchester*, 274 Md. 211, 220, 334 A.2d 514, 521 (1975) ("the separation of powers concept may constitutionally encompass a sensible degree of elasticity"); 1 F. Cooper, *State Administrative Law*, at 15 (1965) ("the doctrine of separation of powers does not forbid the exercise by one department of powers that could appropriately be exercised by another department ... there may be a 'blending' of disparate powers").

■ Under our cases, delegations of legislative power to executive branch agencies or officials ordinarily do not violate the constitutional separation of powers requirement as long as guidelines or safeguards, sufficient under the circumstances, are contained in the pertinent statute or statutes. *See, e.g., Judy v. Schaefer, supra*, 331 Md. at 263, 627 A.2d at 1051; *Maryland State Police v. Warwick, supra*, 330 Md. at 480–481, 624 A.2d at 1241; *Department of Transportation v. Armacost, supra*, 311 Md. at 72, 532 A.2d at 1060, and cases there cited.

■ Moreover, the requirement of guidelines is not an absolute one; it has been relaxed in many circumstances in light of the complexity of modern conditions with which government must deal. As stated by Judge Delaplaine for the Court almost 40 years ago in *Pressman v. Barnes, supra*, 209 Md. at 555, 121 A.2d at 822,

"where the discretion to be exercised relates to ... regulations for the protection of public morals, health, safety, or general welfare, and it is impracticable to fix standards without destroying the flexibility necessary to enable the administrative officials to carry out the legislative will, legislation delegating such discretion without such restrictions may be valid."

See *Judy v. Schaefer, supra,* 331 Md. at 263–264, 627 A.2d at 1051–1052; *Falik v. Prince George's Hosp., supra,* 322 Md. at 418, 588 A.2d at 328 (referring to "the general rule (now greatly relaxed) that a statute vesting discretion in administrative officials without fixing any standards for their guidance may, in some circumstances, constitute an unlawful delegation of legislative power"); *Department of Transportation v. Armacost, supra,* 311 Md. at 73–74, 532 A.2d at 1060 ("We have also relaxed the general rule that a statute vesting discretion in administrative officials without fixing any standards for their guidance is an unconstitutional delegation of legislative power"); *Sullivan v. Bd. of License Comm'rs,* 293 Md. at 121, 442 A.2d at 563 ("The modern tendency of the courts is towards greater liberality in permitting grants of discretion to administrative officials in order to facilitate the administration of the laws as the complexity of governmental and economic conditions increases"); *Automobile Trade Ass'n v. Ins. Comm'r, supra,* 292 Md. at 21–22, 437 A.2d at 202; *Governor v. Exxon Corp., supra,* 279 Md. at 440–441, 370 A.2d at 1119.

The legislative intent section of the State Boat Act, § 8–702, sets forth the General Assembly's guiding purpose of fostering the use and enjoyment of Maryland's waters and enforcing laws "and regulations relating to recreational boating safety." [7]

---

7. Section 8–702 of the Natural Resources Article states as follows:

"**§ 8–702. Legislative intent.**

"It is the intent of this subtitle to foster the development, use, and enjoyment of all the waters of Maryland. The State shall cooperate to the fullest possible extent with neighboring states and the federal government in connection with assistance and rescue operations and in enforcement of laws and regulations relating to recreational boating safety."

As previously mentioned, § 8–703(a), *inter alia*, directs the Department to "[p]romote safety of life and property" and "[p]lan a regulatory program." [8] Furthermore, § 8–704(e) provides that the Department may not promulgate "any proposed regulation affecting the equipment or operation of any vessel subject to this subtitle" without first soliciting the advice and opinions of public officials and representatives of specified types of organizations. These persons constitute an advisory committee for regulations concerning vessel equipment and vessel operation. [9]

A regulation prohibiting children under 14 from operating a particularly dangerous type of motor vessel on public waters is obviously a reasonable regulation to promote the statutory purpose of boating safety. Some age restriction with regard to the operation of these vessels would seem to be absolutely necessary. The advisory committee on regulations provided for in § 8–704(e) insures that there will be input from those representing interests directly affected by such regulations.

---

8. Section 8–703 provides in relevant part as follows:

"**§ 8–703. Powers and duties of Department generally.**

"(a) The Department shall administer the provisions of this subtitle. In addition, the Department shall:

(1) Develop plans, within the limits of available income, for the improvement and promotion of the waters of the State for recreational purposes;

(2) Promote safety of life and property through an educational program directed to boat owners, boat operators, and others concerning the inherent hazards to vessels and people on the waters, including precautions to be observed, and emergency action;

(3) Plan a regulatory program and its related cooperation with officials of other states, the federal government, and local governments . . . ."

9. Section 8–704(e) states:

"(e) *Advisory committee for regulations concerning vessel equipment or operation.*—On any proposed regulation affecting the equipment or operation of any vessel subject to this subtitle, the Secretary shall solicit the advice and opinions of officials of representative boating associations, yacht clubs, and local, State or federal governments or officials having knowledge or experience with the subject matter of the proposed regulations. These representatives and officials serve as an advisory committee appointed by the Secretary to review the proposed regulations."

Other safeguards are the requirements for notice, public comments, and public hearings set forth in Code (1984, 1993 Repl.Vol.), §§ 10–109 through 10–117 of the State Government Article. The Department held two public hearings on the proposed age restriction prior to the adoption of COMAR 08.18.02.05A. Under our cases previously discussed, the General Assembly's delegation of authority to the Department to promulgate regulations governing the "operations of any vessels subject to the subtitle" is constitutionally permissible.

Relying on language in opinions of the Supreme Court of California, the plaintiff argues that a "fundamental policy making decision" cannot constitutionally be delegated by the Legislature to an executive branch department or agency, and that a regulation prohibiting persons under a certain age from operating a particular type of vessel is such a "fundamental policy making decision." (Plaintiff's brief at 16).[10]

Of course, the General Assembly cannot constitutionally delegate to another body its "fundamental decision making authority" in the sense that it cannot delegate a function which the Constitution expressly and unqualifiedly vests in the General Assembly itself. Thus the General Assembly could not delegate to an administrative agency its power to impeach,

---

**10.** The California cases relied on by the plaintiff are *People v. Wright*, 30 Cal.3d 705, 180 Cal.Rptr. 196, 639 P.2d 267, (1982), and *Krugler v. Yocum*, 69 Cal.2d 371, 376, 71 Cal.Rptr. 687, 690, 445 P.2d 303, 306 (1968). *See also, e.g., Clean Air Constituency v. California St. Air Res. Bd.*, 11 Cal.3d 801, 816–817, 114 Cal.Rptr. 577, 586–587, 523 P.2d 617, 626–627 (1974). To what extent, if any, the California cases require something more than sufficient guidelines for a permissible delegation of legislative power is not clear. Thus, in the *Clean Air Constituency* case, 11 Cal.3d at 816–817, 114 Cal.Rptr. at 586–587, 523 P.2d at 626–627, the Supreme Court of California stated:

"An unconstitutional delegation of power occurs when the Legislature confers upon an administrative agency the unrestricted authority to make fundamental policy determinations. (*Kugler v. Yocum* (1968) 69 Cal.2d 371, 71 Cal.Rptr. 687, 445 P.2d 303, Knudsen Creamery Co. v. Brock (1951) 37 Cal.2d 485, 493, 234 P.2d 26; Wilke & Holzheiser, Inc. v. Dept. of Alcoholic Bev. Control (1966) 65 Cal.2d 349, 369, 55 Cal.Rptr. 23, 420 P.2d 735.) To avoid such delegation, the Legislature must provide an adequate yardstick for the guidance of the administrative body empowered to execute the law."

to propose constitutional amendments, or to enact statutes. *See, e.g., Sullivan v. Bd. of License Comm'rs, supra,* 293 Md. at 124, 442 A.2d at 564 ("Manifestly, the power delegated to an administrative agency to make rules is not the power to make laws"); *Comm'n On Med. Discipline v. Stillman,* 291 Md. 390, 413, 435 A.2d 747, 759 (1981) ("the legislature ... cannot validly redelegate its lawmaking authority to others"). Nevertheless, when the General Assembly enacts a statute, embodying its policy decision or decisions, the Legislature often must delegate significant authority to the executive branch which is vested with the constitutional responsibility of administering the statute.

As previously discussed, this authority delegated to executive branch agencies may include a broad power to promulgate legislative-type rules or regulations in order to implement the statute. Such rules or regulations will often, of necessity, embody significant discretionary policy determinations. Nonetheless, this Court has repeatedly upheld the constitutionality of administrative regulations reflecting policy determinations which have been just as "fundamental" as the age restriction embodied in COMAR 08.18.02.05A.

Consequently, we agree with the circuit court that the delegation of legislative authority, pursuant to which COMAR 08.18.02.05A was promulgated, did not violate Article 8 of the Maryland Declaration of Rights.

*JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY VACATED, AND CASE REMANDED TO THAT COURT FOR THE ENTRY OF A DECLARATORY JUDGMENT IN ACCORDANCE WITH THIS OPINION. APPELLANT TO PAY COSTS.*