732 A.2d 296

**Lewis J. McBRIETY**

v.

**The COMMISSIONERS OF CAMBRIDGE.**

**No. 378, Sept. Term, 1998.**

Court of Special Appeals of Maryland.

June 30, 1999.

William H. Pattison, Jr., Cambridge, for appellant.

William W. McAllister, Jr. (Demetrios G. Kaouris and Miles & Stockbridge, P.C., on the brief), Cambridge, for appellee.

Argued before WENNER, KENNEY and JOHN J. BISHOP (Ret'd, specially assigned), JJ.

KENNEY, Judge.

Appellant, Lewis J. McBriety, challenges the order of the Circuit Court for Dorchester County, granting summary judgment in favor of appellee, the Commissioners of Cambridge. Appellant raises two questions on appeal, which we have rephrased and consolidated into one:

Did the trial court properly grant summary judgment in favor of appellee?

For the reasons set forth below, we shall vacate the judgment of the trial court and remand the case for further proceedings.

## FACTS

The facts in this case are not in dispute. On June 17, 1978, L. Edwin and Nina S. Travers (the "Travers") purchased four parcels of improved real property in Cambridge, Maryland (the "property") upon which stood certain improvements known as the Lincoln Terrace Apartments. The property was secured by a purchase money mortgage in the amount of $70,000 in favor of Frederick P. McBriety, appellant's brother. Frederick McBriety assigned his interest in the property to appellant on August 31, 1990.

On January 11, 1991, appellee issued a demolition order notifying the Travers that the Lincoln Terrace Apartments had "been determined unfit for human occupancy and shall be taken down and removed." A copy of the demolition notice was sent to appellant. Thereafter, appellee and the Travers negotiated an arrangement whereby appellee agreed to conduct the demolition at a maximum cost to the Travers of $14,000.[1] It was understood that after the demolition was completed, a lien would be placed against the property for the cost of the demolition not exceeding $14,000. The parties agree that the demolition took place and that the lien was "entered on the books of appellee," but not recorded in the county land records.

---

1. Appellant was not privy to these negotiations.

The Travers defaulted on the mortgage, and on April 21, 1995, appellant assigned the mortgage to Robert S. Collison for foreclosure and collection purposes. On or about July 11, 1996, appellant purchased the property at a foreclosure sale. Appellee, however, refused to approve the deed for recordation because the cost of the demolition had not been paid.

On January 29, 1997, appellant filed a declaratory judgment action in the circuit court against appellee.[2] Appellant requested that the court compel appellee to approve the deed for recordation and award $25,000 in damages. On June 9, 1997, appellant filed a motion for summary judgment, arguing that he was entitled to a judgment in his favor because the lien asserted by appellee was not recorded in the county land records. Appellee filed a motion to dismiss or, in the alternative, motion for summary judgment, arguing that appellant was not entitled to the relief requested.

The matter was heard on October 15, 1997, and the court granted appellee's motion for summary judgment, stating:

Under section 1-14 of the general provision of the City of Cambridge Code, it appears to me that the cost of the demolition would be a lien against the property and would be collectable in the same manner as taxes. Additionally, Real Property under the Annotated Code of Maryland, section 3-104(b)(3) applies to nine counties including Dorchester.

No property may be transferred on the assessment of books or record until all assessments and charges due municipal corporations are paid. The section further states that the certificate of collecting agent and municipal corporation designated by law showing that all taxes, assessments and charges have been made shall be endorsed on the deed. An endorsement shall be sufficient authority for transfer on the assessment books. Certainly if there are taxes, assess-

---

2. Appellant also sued the Mayor of Cambridge, who was subsequently dismissed by the circuit court. Appellant does not challenge that dismissal on appeal.

ments or other charges which are liens, that certainly could not be placed on the deed.

On October 16, 1997, the court filed a written order that stated:

After consideration of the Motion for Summary Judgment of Liability filed by the Plaintiff, and the Motion to Dismiss the Complaint In Its Entirety With Prejudice For Failure To State A Claim Upon Which Relief May Be Granted Or, In the Alternative, For Summary Judgment On The Complaint filed by the Defendants ("Defendants' Motion For Summary Judgment") it is, this 15th day of October, 1997,

ORDERED, that the Motion For Summary Judgment Of Liability be, and hereby is, DENIED; and it is

FURTHER ORDERED, that the Defendants' Motion for Summary Judgment be, and hereby is, GRANTED.

After appellant's motion for reconsideration was denied, this timely appeal was filed.

## DISCUSSION

In *Harford Mut. Ins. Co. v. Woodfin Equities Corp.*, 344 Md. 399, 687 A.2d 652 (1997), the Court of Appeals stated:

This Court has reiterated time after time that, when a declaratory judgment action is brought, and the controversy is appropriate for resolution by declaratory judgment, "the trial court must render a declaratory judgment." *Christ v. Department [of Natural Resources]*, 335 Md. 427, 435, 644 A.2d 34, 38 (1994). "[W]here a party requests a declaratory judgment, it is error for a trial court to dispose of the case simply with oral rulings and a grant of . . . judgment in favor of the prevailing party." *Ashton v. Brown*, 339 Md. 70, 87, 660 A.2d 447, 455 (1995), and cases there cited.

The fact that the side which requested the declaratory judgment did not prevail in the circuit court does not render a written declaration of the parties' rights unnecessary. As this Court stated many years ago, "whether a declaratory judgment is decided for or against the plaintiff, there should

be a declaration in the judgment or decree defining the rights of the parties under the issues made." *Case v. Comptroller,* 219 Md. 282, 288, 149 A.2d 6, 9 (1959). *See also, e.g., Christ v. Department, supra,* 335 Md. at 435–436, 644 A.2d at 38 ("[t]he court's rejection of the plaintiff's position on the merits furnishes no ground for" failure to file a declaratory judgment); *Broadwater v. State,* 303 Md. 461, 467, 494 A.2d 934, 937 (1985) ("the trial judge should have declared the rights of the parties even if such declaration might be contrary to the desires of the plaintiff"); *East v. Gilchrist,* 293 Md. 453, 461 n. 3, 445 A.2d 343, 347 n. 3 (1982) ("where a plaintiff seeks a declaratory judgment . . ., and the court's conclusion . . . is exactly opposite from the plaintiff's contention, nevertheless the court must, under the plaintiff's prayer for relief, issue a declaratory judgment"); *Shapiro v. County Comm.,* 219 Md. 298, 302–303, 149 A.2d 396, 399 (1959) ("even though the plaintiff may be on the losing side of the dispute, if he states the existence of a controversy which should be settled, he states a cause of suit for a declaratory decree").

In *Ashton, supra,* the plaintiffs filed a declaratory judgment with regard to the constitutionality of a curfew ordinance, and the defendants filed a motion for summary judgment. After hearing argument, the circuit court made oral rulings from the bench and then filed an order stating simply that the defendants' motion for summary judgment was granted. On appeal, the Court of Appeals vacated the judgment concerning the constitutionality of the curfew ordinance because the circuit court failed to issue a written declaration of rights. *Ashton,* 339 Md. at 87, 660 A.2d 447. Similarly, in *Woodfin,* the Court of Appeals ordered this Court to vacate the order of the circuit court because that court failed to issue a written declaratory judgment with regard to the appropriate coverage under an insurance policy. *Woodfin,* 344 Md. at 415, 687 A.2d 652.

We must take the same action here. The written order filed by the court in the case indicated simply that

appellee's motion for summary judgment was granted. This was not sufficient to constitute a declaratory judgment even in light of the previous oral rulings the court had issued from the bench. Thus, we shall vacate the judgment of the circuit court and remand this case so that the court can enter a new judgment that includes a declaration of the rights of the parties with regard to the issues raised in appellant's complaint. *See Woodfin* (noting that an appellate court should not review the merits of an issue raised if the circuit court failed to issue a declaratory judgment).

We note that had the circuit court issued a sufficient declaration of rights consistent with its oral rulings, we would have held that this case was appropriately resolved by way of summary judgment in favor of appellee. Summary judgment is not a procedural shortcut to avoid a trial. Rather, it is an appropriate method of resolving cases, prior to trial, when the facts are undisputed. *Aetna Ins. Co. v. Aaron,* 112 Md.App. 472, 480, 685 A.2d 858 (1996); *Seaboard Sur. Co. v. Richard F. Kline, Inc.,* 91 Md.App. 236, 603 A.2d 1357 (1992). To grant summary judgment, a trial court must determine that there are no material facts in dispute, and that one party is entitled to judgment as a matter of law. Md. Rule 2–501; *see Beatty v. Trailmaster Products, Inc.,* 330 Md. 726, 737–38, 625 A.2d 1005 (1993); *Bagwell v. Peninsula Regional Med. Ctr.,* 106 Md.App. 470, 488, 665 A.2d 297 (1995), *cert. denied,* 341 Md. 172, 669 A.2d 1360 (1996); *Bits "N" Bytes Computer Supplies, Inc. v. Chesapeake & Potomac Tel. Co.,* 97 Md.App. 557, 576–77, 631 A.2d 485 (1993), *cert. denied,* 333 Md. 385, 635 A.2d 425 (1994). In the absence of disputed material facts, an appellate court will review the trial court's grant of summary judgment to insure that the trial court reached the correct legal result. *Beatty,* 330 Md. at 737, 625 A.2d 1005; *Heat & Power Corp. v. Air Prods. & Chems., Inc.,* 320 Md. 584, 578 A.2d 1202 (1990). Summary judgment is appropriate in a declaratory action, although it is " 'the exception rather than the rule.' " *Nationwide Mut. Ins. Co. v. Scherr,* 101 Md.App. 690, 695, 647 A.2d 1297 (1994), *cert. denied,* 337 Md. 214, 652 A.2d 670 (1995)(quoting *Loewenthal v. Security Ins. Co.,* 50 Md.App.

112, 117, 436 A.2d 493 (1981)(holding that in an action for declaratory judgment concerning the correct interpretation of an insurance contract, "summary judgment may be warranted where there is no dispute as to the terms of an insurance contract but only as to their meaning.")).

Appellant argues that the parties negotiated a contract lien and that his mortgage interest in the property remained superior to that lien because appellee had not complied with procedures to create the lien. Md.Code (1974, 1996 Repl.Vol., 1998 Cum.Supp.), §§ 14–201–206 of the Real Property Article ("R.P.")(the "Maryland Contract Lien Act"). We do not agree. Real Property § 14–201(b) states:

*Contract.*—(1) "Contract" means a real covenant running with the land or a contract recorded among the land records of a county or Baltimore City.

(2) "Contract" includes a declaration or bylaws recorded under the provisions of the Maryland Condominium Act.

■ There is simply no evidence in this case that the arrangement for collecting the cost of the demolition amounted to a "contract" as that term is defined in the Maryland Contract Lien Act. Thus, the mandate of that Act and its effect on the priority of liens is inapplicable to this case.

Section 1–14 of the Cambridge City Code provides:

In any instance in which an owner of property is deemed to be responsible for the cost of an abatement of an offense, or subject to a municipal infraction, or in any instance subject to the payment of any money whatsoever for violation of any of the sections contained in this Code, or for any amount owed to the city for any administrative purpose which is due and payable by said property owner, said amount shall be collectable in the same manner as taxes and said amount shall be a lien against any property owned by said property owner until paid. (Ord. No. 756, § 1, 4–30–90).

■ We agree with appellee that, under § 1–14, the cost of the demolition became collectable in the same manner as unpaid taxes. As such, the cost of the demolition became a

first lien on the property as soon as it became due and payable, which presumably was immediately after the demolition was completed. *Id.;* Md.Code (1986, 1994 Repl.Vol.), § 14–804(a) and § 14–805(a) of the Tax–Property Article ("T.P."); *Chevy Chase Bank, FSB v. Chaires,* 350 Md. 716, 715 A.2d 199 (1998).[3] Moreover, pursuant to R.P. § 3–104(b), transfer of the property was prohibited until the cost of the demolition was paid.[4] *Compare with, Montgomery County v. May Department Stores,* 352 Md. 183, 721 A.2d 249 (1998)(holding that a municipal ordinance did not create a lien and that the County was a general creditor subject to the priority of a judgment lien).

As appellant was on notice of the demolition, he should have recognized the need to verify the discharge of this obligation

---

**3.** Tax Property § 14–804(a) provides that "[a]ll unpaid taxes on real property shall be, until paid, liens on the real property in respect to which they are imposed from the date they became or become payable." Tax Property § 14–805(a) provides that "[f]rom the date property tax on real property is due, liability for the tax and a 1 st lien attaches to the real property in the amount of the property tax due on the real property."

**4.** R.P. § 3–104(b) provides, in relevant part:

(b) *Payment of taxes prior to transfer on assessment books or records; special provisions as to certain counties.—*

. . .

(3) Except as provided in subsection (c), in Cecil, Charles, Dorchester, Harford, Howard, Kent, Queen Anne's, Somerset, and St. Mary's Counties no property may be transferred on the assessment books or records until (1) all public taxes, assessments, any charges due a municipal corporation, and charges due on the property have been paid as required by law, and (2) all taxes on personal property in the county due by the transferor have been paid when all land owned by him in the county and municipal corporation is being transferred. The certificate of the collecting agent and municipal corporation designated by law showing that all taxes, assessments, and charges have been paid, shall be endorsed on the deed and the endorsement shall be sufficient authority for transfer on the assessment books. (c) *Exceptions.—*(1) The requirement for prepayment of personal property taxes in subsection (b) do not apply to grants of land made by or on behalf of any of the following: any mortgagee, lien creditor, trustee of a deed of trust, judgment creditor, trustee in bankruptcy or receiver, and any other court-appointed officer in an insolvency or liquidation proceeding.

**68**

before purchasing the property. Moreover, in light of § 1–14 of the Cambridge City Code and the broad mandate of R.P. § 3–104(b)(3), it appears that a reasonably comprehensive title search in Dorchester County would include an inspection for any outstanding municipal obligations attached to the property. In any event, under the circumstances of this case, it appears clear that appellee was entitled to judgment as a matter of law.

**JUDGMENT VACATED; CASE REMANDED TO THE CIRCUIT COURT FOR DORCHESTER COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**COSTS TO BE DIVIDED EQUALLY BETWEEN APPELLANT AND APPELLEE.**