557 A.2d 225

**TURNPIKE FARM LIMITED PARTNERSHIP**

v.

**J. Joseph CURRAN, Jr., Attorney General of Maryland.**

No. 128, Sept. Term, 1988.

Court of Appeals of Maryland.

May 4, 1989.

Ralph Gordon (Gordon & Simmons, both on brief), Frederick, for appellant.

Alan M. Barr, Asst. Atty. Gen. (Michael F. Brockmeyer, Asst. Atty. Gen. and Chief, Antitrust Div., both on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

PER CURIAM.

On August 13, 1987, Turnpike Farm Limited Partnership filed in the Circuit Court for Frederick County an action for money damages against Franklin Shaw, who was then and is now the Mayor of the town of New Market, and against Franklin Shaw's wife, Shirley Shaw. Turnpike based its claim for damages on the Maryland Antitrust Act, Maryland Code (1975, 1983 Repl.Vol.), §§ 11–201 through 11–213 of the Commercial Law Article, and the tort of malicious interference with business relationships. Attorneys in the Office of the Attorney General of Maryland, on June 24, 1988, entered an appearance in the action on behalf of Franklin Shaw with respect to Count I of the complaint which alleged the violation of the Maryland Antitrust Act.

Turnpike took the position that the Attorney General's Office was not authorized to represent Mr. Shaw in the antitrust action. Nevertheless, Turnpike did not file a motion in the antitrust case to disqualify the attorneys from the Attorney General's Office. Turnpike's reason for not filing the motion, as conceded in oral argument before this Court, was that the circuit court's ruling on the motion would not be immediately appealable. *See Harris v. Harris*, 310 Md. 310, 529 A.2d 356 (1987); *Peat & Co. v. Los Angeles Rams*, 284 Md. 86, 394 A.2d 801 (1978). Instead, Turnpike filed in the Circuit Court for Frederick County a separate action against the Attorney General, seeking a declaratory judgment that the Attorney General's Office was not authorized to represent Mr. Shaw in the antitrust suit. This declaratory judgment action is the case now before us on appeal.

The Office of Attorney General filed a motion to dismiss with prejudice the declaratory judgment action on the ground that, under Code (1984), § 6–107 of the State

Government Article, the Attorney General was authorized to represent Mr. Shaw in the antitrust case. The Attorney General also requested sanctions.

Following a hearing in the declaratory judgment case, the circuit court orally stated that the representation by the Attorney General's Office was authorized and that the Attorney General was entitled to fees and costs. A judgment, dismissing the declaratory judgment action with prejudice, was entered on the docket. Turnpike took an appeal to the Court of Special Appeals. Before any proceedings in the intermediate appellate court, this Court issued a writ of certiorari.

As just stated, the circuit court in the declaratory judgment action purported to decide the merits of the disqualification issue. If it had been appropriate for the circuit court to have reached the merits, the court should not have dismissed the declaratory judgment action. It should have filed a declaratory judgment. *See, e.g., Broadwater v. State,* 303 Md. 461, 465–470, 494 A.2d 934 (1985); *Jennings v. Government Employees Ins.,* 302 Md. 352, 355–356, 488 A.2d 166 (1985).

It was not, however, proper for the circuit court to have reached the merits of this declaratory judgment action. Where there exists a pending action presenting an issue, a party to that action ordinarily may not obtain a resolution of the issue by filing a separate declaratory judgment action. Use of the declaratory judgment procedure to evade the final judgment requirement for appeal will not be permitted. *Haynie v. Gold Bond Bldg. Products,* 306 Md. 644, 511 A.2d 40 (1986).

JUDGMENT OF THE CIRCUIT COURT FOR FREDERICK COUNTY VACATED, AND CASE REMANDED TO THAT COURT FOR ENTRY OF A JUDGMENT DISMISSING THE DECLARATORY JUDGMENT ACTION WITHOUT PREJUDICE. APPELLANT TO PAY COSTS.