699 A.2d 426

**Gary W. WAICKER, et. al.**

v.

**Christina COLBERT, et. al.**

**No. 86, Sept. Term, 1996.**

Court of Appeals of Maryland.

Sept. 2, 1997.

Chasanow, J., filed a dissenting opinion.

Julia M. Freit, Assistant Attorney General (J. Joseph Curran, Attorney General, on brief), Baltimore, for Appellants.

Scott E. Nevin (the Law Office of Saul E. Kerpelman, on brief), Baltimore, for Appellees.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, RAKER and WILNER, JJ.

RAKER, Judge.

In this appeal, we must decide whether the Circuit Court for Baltimore City abused its discretion by entertaining a declaratory judgment action when the issue presented in the proceeding for declaratory relief was the same as that presented in pending, previously filed, tort actions. This case presents no unusual and compelling circumstances to justify the declaratory judgment while the same issue presented in the declaratory judgment action was presented in another pending case between the parties. Accordingly, we shall hold in this appeal that the Circuit Court for Baltimore City abused

its discretion when it entertained the declaratory judgment action.

This action began when Appellants, Gary Waicker and Cavalier Realty Company, Inc. (hereinafter "Waicker" and "Cavalier"), filed a declaratory judgment action in the Circuit Court for Baltimore City, seeking a declaration that they are entitled to absolute judicial immunity in any lead paint lawsuits filed by tenants of certain Baltimore City premises. Waicker and Cavalier were defendants in two pending actions which had been instituted on behalf of minor children, Christina Colbert (Circuit Court for Baltimore City Case No. 92–337038) and William Reginald Brown (Circuit Court for Baltimore City Case No. 92–197001). The Circuit Court declared that Waicker and Cavalier do not enjoy absolute judicial immunity, but are entitled only to such immunity as is set forth in the Order of the District Court of Maryland dated December 18, 1986. Waicker and Cavalier appealed to the Court of Special Appeals, and this Court granted certiorari on our own motion before consideration by that court.

We shall briefly set out the facts necessary for an understanding of our decision. In 1986, the Mayor and City Council of Baltimore filed a municipal code enforcement action in the District Court of Maryland for Baltimore City against several owners of certain residential, rental properties located in Baltimore City. *Mayor and City Council of Baltimore v. Max Berg, et. al.,* Case No. 23800–86. The parties to that action reached an agreement to settle the case, and the District Court entered a judgment by consent. The Consent Order provided for the appointment of a "Court Agent" to serve as an officer and agent of the court, independent of both parties. The "Court Agent" was to act as property manager to perform certain management, maintenance, and rehabilitation responsibilities specified in the order and to monitor the defendants' compliance with the order, and to report to the court and the plaintiff. Appellants, Waicker and Cavalier, were appointed and served as "Court Agents" pursuant to the Consent Order. The Order addressed the immunity of a "Court Agent" as follows:

While acting pursuant to the terms of this Order, the Court Agent shall be vested with such immunities as by law vest with this Court. This Court does not consent to any suit, legal action or administrative proceeding in any other court or forum arising out of an action taken by the Court Agent in the performance for the duties specified herein. The Court may, after reviewing an application therefor filed by any person, consent to a suit, action or proceeding against the Court Agent in the capacity as an Officer and Agent of this Court, in any particular case when it finds that such suit, action or proceeding will not materially interfere with the achievement of the purposes of this Order and implementation thereof.

In 1992, certain tenants of rental properties that were the subject of the municipal code enforcement case filed lawsuits in Baltimore City alleging lead paint poisoning. The owners of the rental properties, along with Waicker and Cavalier as "Court Agents" under the District Court Order, were named as defendants. See *Brown, et. al. v. Gresser, et. al.,* Case No. 92–197001, and *Colbert, et. al. v. Berg, et. al.,* Case No. 92–337038, in the Circuit Court for Baltimore City. In both of those lawsuits, Waicker and Cavalier filed motions to dismiss and for summary judgment. They asserted that no plaintiff in the lead paint cases made any application with the District Court of Maryland for Baltimore City seeking consent to file a suit against the "Court Agent." The main thrust of their argument was that, notwithstanding the language in the District Court Order of December 18, 1986, the "Court Agent" enjoys absolute judicial immunity because no agreement or order of court is required to provide a court agent with such immunity, nor can the court limit such immunity. The Circuit Court denied the motions.

Appellants then filed, in the Circuit Court for Baltimore City, a complaint for declaratory relief, seeking a declaration that they are entitled to absolute judicial immunity. *See* Maryland Uniform Declaratory Judgments Act, Maryland Code (1973, 1995 Repl.Vol., 1996 Supp.) §§ 3–401 through 3–

415 of the Courts & Judicial Proceedings Article.[1] The tort actions were stayed by agreement of the parties pending resolution of the declaratory judgment action. The Circuit Court declared that Waicker and Cavalier "do not enjoy absolute judicial immunity, but enjoy only those immunities specifically set forth in the Final Judgment and Consent Order dated December 18, 1986, subject to the power of the District Court of Maryland in and for the City of Baltimore to consent to suit." It is the judgment in the declaratory action that is before us in this appeal.

Waicker and Cavalier seek to have resolved in the declaratory judgment proceeding an issue which would be fully decided in the pending tort actions, i.e., the nature of their immunity. The issue raised in the motion to dismiss and motion for summary judgment in both tort actions is identical to the issue raised in the declaratory judgment action.

Section 3–409(a) of the Maryland Uniform Declaratory Judgments Act provides in pertinent part:

(a) *In general.*—... [A] court may grant a declaratory judgment or decree in a civil case, if it will serve to terminate the uncertainty or controversy giving rise to the proceeding, and if:

(1) An actual controversy exists between contending parties;

(2) Antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation; or

(3) A party asserts a legal relation, status, right, or privilege and this is challenged or denied by an adversary party, who also has or asserts a concrete interest in it.

Section 3–409(c) provides that a party may obtain a declaratory judgment or decree notwithstanding a concurrent common-

---

1. Unless otherwise indicated, all statutory references are to the Maryland Uniform Declaratory Judgments Act, Maryland Code (1973, 1995 Repl.Vol., 1996 Supp.) §§ 3–401 through 3–415 of the Courts & Judicial Proceedings Article.

law, equitable, or extraordinary legal remedy, whether or not recognized or regulated by statute.

As a general rule, courts will not entertain a declaratory judgment action if there is pending, at the time of the commencement of the action for declaratory relief, another action or proceeding involving the same parties and in which the identical issues that are involved in the declaratory action may be adjudicated.[2] This Court has consistently held that, absent unusual and compelling circumstances, "a declaratory judgment action 'is inappropriate where the same issue is pending in another proceeding.' " *Haynie v. Gold Bond Bldg. Products,* 306 Md. 644, 650, 511 A.2d 40, 43 (1986) (quoting *Aetna Casualty & Surety v. Kuhl,* 296 Md. 446, 449 n. 1, 463 A.2d 822, 824–25 n. 1 (1983)); *see State v. 91st Street Joint Venture,* 330 Md. 620, 631, 625 A.2d 953, 958 (1993); *Turnpike Farm Ltd. Partnership v. Curran,* 316 Md. 47, 49, 557 A.2d 225, 226 (1989); *Truck Ins. Exch. v. Marks Rentals,* 288 Md. 428, 430 n. 1, 418 A.2d 1187, 1188 n. 1 (1980); *Brohawn v.*

---

**2.** At oral argument, in response to a question from the bench inquiring whether every party in this declaratory judgment action is a party in a pending action that has already been filed, the Attorney General responded "Yes, and those were stayed pending the outcome of the declaratory judgment actions...."

Upon our review of the record in this case, we note that Waicker and Cavalier represented in their response to Colbert's motion to dismiss the complaint for declaratory judgment that the Mayor and City Council of Baltimore is a party in the declaratory judgment action, but is not joined as a party in either of the pending lead paint lawsuits. It appears that the Mayor & City Council never filed an answer to the complaint for declaratory relief and they are not a party to this appeal.

Although the plaintiffs have included a party in the declaratory action that is not a party in either of the pending actions, this fact does not, in and of itself, render this declaratory judgment action permissible. *See Redmond v. Matthies,* 149 Conn. 423, 180 A.2d 639, 642 (1962); *see also* 1 W.H. Anderson, *Actions For Declaratory Judgments,* § 209 at 444 (2d ed. 1951) ("Where the issues in the declaratory action are the same as those involved in a pending action, the mere fact that an unnecessary party is joined, either as a plaintiff or a defendant will not prevent the operation of the rule to bar the declaratory action."). As in *Redmond,* the interests of the additional party defendant and the plaintiffs are not adverse and the complaint lacks any allegation establishing any real justification for joining the Mayor & City Council as a defendant.

*Transamerica Ins. Co.*, 276 Md. 396, 406, 347 A.2d 842, 849 (1975); *A.S. Abell Co. v. Sweeney*, 274 Md. 715, 721, 337 A.2d 77, 81 (1975); *Grimm v. County Comm'rs of Wash. Co.*, 252 Md. 626, 640, 250 A.2d 866, 873 (1969); *see also St. Paul Fire & Marine Ins. v. Pryseski*, 292 Md. 187, 193–96, 438 A.2d 282, 285–87 (1981).

Judge Eldridge, writing for the Court in *Haynie v. Gold Bond Bldg. Products*, 306 Md. 644, 511 A.2d 40 (1986), traced this Court's application of the rule that a party to a pending action is ordinarily not entitled to a declaratory judgment to resolve the same issues presented in the pending action. *Id.* at 649–52, 511 A.2d at 43–44. In *Haynie*, the plaintiff filed a "Bill for Declaratory Judgment" in the Circuit Court for Baltimore City after he filed a tort action. The declaratory judgment action raised issues identical to those raised in the pending tort case. That tort action was still pending in the Circuit Court at the time of oral argument before this Court. We noted:

> The Declaratory Judgment Act, as amended by Ch. 724 of the Acts of 1945, provided that a party is not barred from obtaining a declaratory judgment merely because the controversy "is susceptible of relief through a general common law remedy...." But the Act does not provide that, once the common law remedy is actually invoked to provide relief in the controversy, and the common law action is still pending, the parties may also institute a second lawsuit and obtain a declaratory judgment to resolve the same matter. Our cases have repeatedly held to the contrary.

*Id.* at 649–50, 511 A.2d at 43 (footnote omitted). This Court held that "there were no very unusual and compelling circumstances justifying the declaratory judgment," and remanded the case to the Circuit Court for Baltimore City with directions to dismiss the declaratory judgment action. *Id.* at 652, 654, 511 A.2d at 44–45. Similarly, in *Aetna Casualty & Surety v. Kuhl*, 296 Md. 446, 449 n. 1, 463 A.2d 822, 824–25 n. 1 (1983), this Court concluded that a declaratory judgment action was inappropriate where the same issue was pending in

another proceeding, and the issue sought to be resolved could have been decided in the pending tort case.

In both *Haynie*, 306 Md. at 651, 511 A.2d at 43, and *Grimm v. County Comm'rs of Wash. Co.*, 252 Md. 626, 637, 250 A.2d 866, 871 (1969), this Court quoted Professor Borchard's treatise on declaratory judgments:

> Where an action or proceeding is already pending in another forum involving the same issues, it is manifestly unwise and unnecessary to permit a new petition for a declaration to be initiated by the defendant or the plaintiff in that suit.
>
> \* \* \* \* \* \*
>
> [T]he court will refuse a declaration where another court has jurisdiction of the issue, where a proceeding involving identical issues is already pending in another tribunal, where a special statutory remedy has been provided, or where another remedy will be more effective or appropriate under the circumstances. In these cases it is neither useful nor proper to issue the declaration.

Borchard, *Declaratory Judgments*, Ch. v. *Discretion* at p. 302 (2d ed.1941).

Strong policy considerations support application of this rule. Absent such a rule, "almost any pending action could be interrupted and held at bay until the determination, in one or more subsequently instituted declaratory judgment actions, of issues culled out of the pending action." *Redmond v. Matthies*, 149 Conn. 423, 428, 180 A.2d 639, 642 (1962). Issuing a declaratory judgment under such circumstances "would unduly burden the courts," and would be undesirable in view of the heavy trial dockets. *Haynie*, 306 Md. at 651, 511 A.2d at 43. It would also be contrary to our policy which favors the determination of related matters in a single action. As we observed in *Haynie:*

> [U]nder circumstances like those in the present case, overlooking the inappropriate procedure might result in litigants misusing the declaratory judgment statute in order to cir-

cumvent the policy against appeals from interlocutory orders and against piecemeal appeals.

\* \* \* \* \* \*

Conceivably, . . . each separate disputed issue in the tort case could be made the subject of a separate declaratory judgment action. If this Court were to overlook the improper use of the declaratory judgment statute as long as no party to the litigation challenged the procedure, we would be allowing the parties, by consent, to bypass the final judgment requirement.

*Id.* at 653–54, 511 A.2d at 44–45. Likewise, in *Turnpike Farm Ltd. Partnership v. Curran,* 316 Md. 47, 49, 557 A.2d 225, 226 (1989), we held that "[u]se of the declaratory judgment procedure to evade the final judgment requirement for appeal will not be permitted."

■ We find no unusual and compelling circumstances in this case that would permit the declaratory judgment action while other actions involving the same issue are pending. Appellants assert that they are entitled to a declaratory judgment because several suits have been filed against them and future suits will likely be filed against them as Court Agents under the Final Judgment and Consent Order, and a declaration that they are entitled to absolute immunity will preclude such suits. "[F]ear of having to participate in a 'multiplicity of suits,' cannot be the basis for this extraordinary intervention into a pending action." *State v. 91st Street Joint Venture,* 330 Md. 620, 630, 625 A.2d 953, 958 (1993).

*JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY VACATED, AND CASE REMANDED TO THAT COURT WITH DIRECTIONS TO DISMISS THE DECLARATORY JUDGMENT ACTION. APPELLANTS TO PAY COSTS.*

CHASANOW, Judge, dissenting.

I respectfully dissent. Prior to consideration of this case by the Court of Special Appeals, this Court granted certiorari on

its own motion in order to examine the important issue of the extent of judicial immunity, if any, that protects court-appointed agents. Instead of addressing this question, however, the majority goes to unprecedented lengths to avoid the issue and decides the case on a ground not raised by the parties to this appeal. Resolution of the case in this manner forces the court appointees now to defend multiple lawsuits, notwithstanding the fact that they may have judicial immunity from liability. I disagree both with the majority's raising *sua sponte* the declaratory judgment issue and with the majority's analysis of that issue.

## I.

The question, as set forth in the parties' briefs, on which the Court issued a writ of certiorari was:

"Did the Circuit Court err in declaring that Appellants were not entitled to common law judicial immunity when sued in their capacity as court appointed agents of the District Court, but were entitled to only such limited immunity as the District Court prescribed in the order appointing them?"

The Court should have limited its review to matters relevant to the resolution of this particular question. *See* Maryland Rule 8–131. Instead, the Court raises *sua sponte* an issue that was neither briefed nor argued by the parties: the validity of the declaratory judgment action itself. Significantly, there was no objection raised on appeal to the declaratory judgment as a method of resolution. Regardless of the Court's impression of the propriety of this particular avenue of judicial review, therefore, the case should have been resolved—on the merits—in the form that it reached us.

Earlier cases demonstrate that this Court typically refrains from examining the validity of a declaratory judgment form of action if the issue is not raised by the parties. In *Watson v. Dorsey,* 265 Md. 509, 290 A.2d 530 (1972), for example, the Court observed: "It should be noted that the road travelled to obtain a ruling on the point of limitations is unusual, to say the

least. \* \* \* *Nevertheless the declaratory judgment route was followed with the approval of both sides and the court ...; and we shall decide the case in the posture in which it reached us.*" 265 Md. at 511–12, 290 A.2d at 532 (emphasis added). Similarly, in *Aetna Casualty & Surety v. Kuhl,* 296 Md. 446, 463 A.2d 822 (1983), the Court noted: "Here, declaratory judgment was improper because the issue sought to be resolved could have been determined in the pending tort action. However, neither the petition for certiorari nor the conditional cross-petition raised the question. Thus, the issue is not before us at this time, though it may be raised on remand in light of our mandate." 296 Md. at 449 n. 1, 463 A.2d at 824–25 n. 1 (citation omitted).

*Haynie v. Gold Bond Bldg. Products,* 306 Md. 644, 511 A.2d 40 (1986), represents the only exception to this established precedent. After concluding that a declaratory judgment action was improper, the *Haynie* Court "decline[d] to decide the questions presented" and remanded the case with instructions to dismiss the declaratory judgment action. 306 Md. at 654, 511 A.2d at 45. In explaining this action, however, the *Haynie* Court noted that it was unaware of the pendency of the tort action at the time that it granted the petition for certiorari. *Haynie,* 306 Md. at 649 n. 2, 511 A.2d at 42 n. 2 ("When we granted the petition, we did not have before us any of the circuit court record. The only attachment to the petition was the opinion of the Court of Special Appeals, and the only attachment to [the opposition to the petition] was a portion of the West Virginia Code."). The circumstances surrounding the action taken by the Court in *Haynie,* therefore, differ from the instant case where the Court suffered from no lack of information when it granted certiorari on its own motion. The Appellants' brief clearly states that their attempts to be dismissed from the tort actions filed against them were unsuccessful. The memorandum and order of the Circuit Court for Baltimore City, which was included in the record extract, states: "The 'Court Agent,' is seeking a Declaratory Judgment to resolve the *existing* litigation and prevent future suits from being filed against [them]." (Emphasis

added). The Court thus had knowledge of the pendency of the other actions when it granted certiorari. Under these circumstances, resolution of the case *sub judice* should not turn on the issue of whether the declaratory judgment form of action is proper, particularly where the parties have not had an opportunity to be heard on the matter.

## II.

Furthermore, even assuming, *arguendo*, that the propriety of the declaratory judgment were before the Court, I disagree with the majority's conclusion that a declaratory judgment should not have been issued in this case.

The declaratory judgment form of action is particularly well suited to resolve the issue of immunity and has been used in Maryland for this purpose. *See, e.g., American Structures v. City of Balto.*, 278 Md. 356, 364 A.2d 55 (1976) (immunity of municipality from liability under construction contract resolved in declaratory judgment action); *Board v. John K. Ruff, Inc.*, 278 Md. 580, 366 A.2d 360 (1976) (declaratory judgment action brought to decide issue of immunity of Board of Trustees of Howard County Community College from payment of sales tax). The majority nevertheless vacates the declaratory judgment, based on the principle that "where ... the question to be resolved in the declaratory judgment action will be decided in [other] pending actions, it is inappropriate to grant a declaratory judgment." *Brohawn v. Transamerica Ins. Co.*, 276 Md. 396, 406, 347 A.2d 842, 849 (1975) (citing *Watson*, 265 Md. at 512 n. 1, 290 A.2d at 532 n. 1). As the majority acknowledges, however, the prohibition against declaratory judgments during the pendency of another proceeding involving the same issue is neither jurisdictional nor absolute. In some cases, the circumstances are such that a declaratory judgment is appropriate, notwithstanding the pendency of another suit. *See, e.g., A.S. Abell Co. v. Sweeney*, 274 Md. 715, 721, 337 A.2d 77, 81 (1975).

Assuming that the issue is even before the Court, therefore, the question is whether the judge's decision that the circum-

stances ·of this case warranted a declaratory judgment amounts to an abuse of discretion. Rather than reviewing this case under an abuse of discretion standard, however, the majority appears simply to apply a rule of law, without regard to the particular considerations that prompted the circuit court to entertain the declaratory judgment action.

Interestingly, the propriety of the declaratory judgment action was, at one time, an issue in this case. Appellees responded to the initial complaint for a declaratory judgment by filing a motion to dismiss on the ground that the issue of immunity already had been resolved in two other actions pending in the same court.[1] In response to Appellees' efforts to have the action dismissed, Appellants pointed out to the court that:

> "[W]ith regard to the instant DECLARATORY JUDG-MENT Action there are certain 'special' or unusual and compelling circumstances. These circumstances exist because the issue of the absolute Judicial Immunity of 'Court Agents' is not confined to the pending 'Lead Paint Suits.' A decision with regard to the immunity of 'Court Agents' . . . will have far-reaching consequences. This is so because the Office of the City Solicitor and the District Court for Baltimore City rely heavily upon the use of 'Court Agents' in connection with such 'Code Enforcement Actions.' "

Appellants also stressed that "[b]ecause of the large number of properties and tenants involved . . ., there is the strong likelihood that future 'Lead Paint Suits' will be brought"[2] and suggested that resolution of the issue of immunity would conserve judicial resources.

The court denied Appellees' motion to dismiss and ultimately issued the declaratory judgment that is presently under review by this Court. In allowing the declaratory judgment action to proceed, the court apparently recognized the validity

---

1. This challenge to the declaratory judgment was abandoned on appeal.

2. At least one additional lawsuit was filed against Appellants subsequent to their request for a declaratory judgment.

of Appellants' assertion that this case presents unusual circumstances. The memorandum that accompanies the declaratory judgment specifically references, in fact, Appellants' contention that additional lawsuits likely will be filed in the future. This potentiality is an unusual circumstance and apparently contributed to the judge's decision to issue a declaratory judgment.

The majority disposes of this unusual circumstance by concluding, without discussion, that the " 'fear of having to participate in a "multiplicity of suits," cannot be the basis' " for a declaratory judgment. Majority Op. at 116, 699 A.2d at 430 (1997) (quoting *State v. 91st Street Joint Venture*, 330 Md. 620, 630, 625 A.2d 953, 958 (1993)). There is no indication, however, that Appellants' mere "fear" of multiple lawsuits prompted the circuit court to issue a declaratory judgment. The significance that Appellants attached to the use of a declaratory judgment to forestall multiple lawsuits in the future was that it would operate to conserve judicial resources. Presumably, the court had judicial economy, not Appellants' fear of multiple lawsuits, in mind when it issued the declaratory judgment. Surely, judicial economy is a valid reason for permitting a declaratory judgment where it otherwise might be prohibited.

Ironically, the rule upon which the majority relies is specifically aimed at the conservation of judicial resources. The general prohibition against declaratory judgments (if the same issue is pending in another action) ensures that parties do not "circumvent the policy against appeals from interlocutory orders and against piecemeal appeals." *Haynie*, 306 Md. at 653, 511 A.2d at 44. If there were no such rule, courts conceivably would be overburdened with declaratory judgment actions concerning "each separate disputed issue in the [other pending] case." *Id.*

Illustrative of this principle is *91st Street Joint Venture, supra*. In *91st Street Joint Venture*, the Department of Natural Resources (DNR) and the town of Ocean City filed a request for an injunction against a hotel owner who had constructed a gazebo in alleged violation of city code require-

ments. *91st Street Joint Venture,* 330 Md. at 623–24, 625 A.2d at 954–55. Instead of filing a responsive pleading, the hotel owner filed a declaratory judgment action in a different juris-diction, claiming "in essence, that the applicable statutes do not prohibit the gazebo's placement, that the regulations which purport to govern placement of the gazebo are void, and that the Ocean City ordinances were pre-empted by State law." *91st Street Joint Venture,* 330 Md. at 630, 625 A.2d at 957. Clearly, the issue in both actions was the same: the validity and applicability of the relevant statutes. If the declaratory judgment action were allowed to proceed, two courts would be considering precisely the same issue; this result is contrary to the principles of judicial economy and comity. For this rea-son, the declaratory judgment action was properly dismissed.

All of the cases upon which the majority relies involved situations analogous to that in *91st Street Joint Venture:* a declaratory judgment action filed subsequent to the com-mencement of a tort action, resulting in the presentation of the same issue to two courts.[3] None involved the scenario presented in the instant case: a declaratory judgment action filed subsequent to the commencement of multiple tort actions

---

**3.** *See Haynie v. Gold Bond Bldg. Products,* 306 Md. 644, 645–47, 511 A.2d 40, 40–41 (1986)(plaintiff filed tort action against employer to recover for injuries sustained in fighting fire, which was caused by allegedly defective machinery at production plant); *Turnpike Farm v. Curran,* 316 Md. 47, 48–49, 557 A.2d 225, 226 (1989)(tort action for damages based on malicious interference with business relationships was pending); *St. Paul Fire & Mar. Ins. v. Pryseski,* 292 Md. 187, 190–91, 438 A.2d 282, 284 (1981) (tort suit filed against insurance company and one of its agents for injuries resulting from improper sexual advances made by agent toward female customer); *Truck Ins. Exch. v. Marks Rentals,* 288 Md. 428, 430–31, 418 A.2d 1187, 1188 (1980) (plaintiff filed tort action against employer of individual who was operating vehicle involved in an accident); *Brohawn v. Transamerica Ins. Co.,* 276 Md. 396, 399–400, 347 A.2d 842, 846 (1975) (actions seeking compensatory and punitive damages filed against two individu-als who had allegedly assaulted plaintiffs); *A.S. Abell Co. v. Sweeney,* 274 Md. 715, 716, 337 A.2d 77, 78–79 (1975)(action in assumpsit pending at time declaratory judgment filed); *Grimm v. Co. Comm'rs of Wash. Co.,* 252 Md. 626, 628–29, 250 A.2d 866, 866–67 (1969)(criminal charges filed against party seeking declaratory judgment for violation of statute pertaining to fencing, burning, and stacking of automobiles).

with a specific finding that additional tort actions will be filed in the future. The distinction between the two scenarios is critical to a determination of the propriety of the declaratory judgment action.

The grant of a declaratory judgment during the pendency of a single tort action results in multiple determinations of the same issue. In contrast, the grant of a declaratory judgment in the face of numerous present and future tort actions *prevents* multiple determinations and multiple appeals of the same issue, particularly where, as here, the pending tort actions are stayed until resolution of the declaratory judgment action. Under such "unique and compelling circumstances," the prohibition against declaratory judgment actions should not apply.

Consideration of the consequences of the Court's refusal to allow a declaratory judgment action illustrates this point. If a declaratory judgment action is allowed, Appellants must litigate the issue of their immunity only once. The outcome of the immunity question in the declaratory judgment action will control the issue in the tort actions such that Appellants, if successful in the declaratory judgment action, will be entitled to a dismissal from the pending tort actions. As the case currently stands, however, Appellants must defend multiple lawsuits and, presumably, will assert immunity as a defense in each of them. Appellants must bear the burden of defending these actions, notwithstanding the fact that on appeal of a final judgment in any one of the suits, it may be determined that they do have judicial immunity.

Appellees, on the other hand, would benefit from a declaratory judgment in that it possibly would put them on notice that they are suing improper parties. The absence of a declaratory judgment creates the possibility that Appellees will end up with judgments against individuals who are later deemed immune from liability. Appellees would undoubtedly prefer to know the status of Appellants' immunity prior to expending the time, money, and effort required in proving multiple cases against them.

Finally, a declaratory judgment promotes judicial economy in that it removes the issue of immunity from the tort actions. If Appellants' immunity is resolved by declaratory judgment, the question need not be further litigated in the three pending, and multiple future, tort actions. The interests of justice, as well as those of the parties to this case, are thus best served by permitting a declaratory judgment. For these reasons, I disagree with the majority's conclusion that a declaratory judgment was improper in this case.