910 A.2d 544

**Paul C. SPRENGER et al.**

v.

**The PUBLIC SERVICE COMMISSION OF MARYLAND et al.**

**No. 2033, Sept. Term, 2005.**

Court of Special Appeals of Maryland.

Nov. 1, 2006.

John J. Coyle, Jr., Cumberland, for appellant.

Benjamin Kringer, Miles H. Mitchell (David A. Super, Baker, Botts, LLP, on brief, Washington, DC, Susan S. Miller, General Counsel, on brief, Baltimore), for appellee.

Panel DAVIS, KENNEY, CHARLES E. MOYLAN, JR. (Retired, specially assigned), JJ.

KENNEY, J.

Paul C. Sprenger, Russell W. Bounds, Eric Tribbey, Paul Roderick, and Rebecca M. Harvey ("appellants") appeal the dismissal of their petition for declaratory relief by the Circuit Court for Garrett County. In dismissing appellants' petition, the circuit court found that it was: (1) an improper appeal from a decision of the Maryland Public Service Commission (the "Commission") and (2) duplicative of litigation initiated in the Circuit Court for Baltimore City.

Appellants present three questions to this Court, which we have consolidated and rewritten as follows:

1. Did the circuit court err in finding that appellants' complaint was a belated appeal from the Commission's order, and not a petition for declaratory relief?

2. Did the circuit court err in finding that appellants' claim was barred because it involves the same factual and legal issues properly before another of Maryland's circuit courts?

For reasons that follow, we shall affirm the decision of the circuit court.[1]

## FACTUAL AND PROCEDURAL HISTORY

On August 26, 2002, Clipper filed with the Commission an application for a Certificate of Public Convenience and Necessity to construct sixty-seven wind-powered turbines on rural mountainsides in Garrett County. Each turbine is described as being approximately four hundred feet tall and over two hundred and sixty feet wide with propeller blades "the same size as the Statue of Liberty." The turbines would obviously impact the scenic view of the mountains and emit some degree of noise. Appellants are owners of land located adjacent to or very near the planned construction site.

An evidentiary hearing was conducted on January 7 and 8, 2003. On March 26, 2003, the Commission issued Order No. 78354, authorizing construction of the turbines. Appellants contend that the Commission prevented appellants from properly challenging Clipper's proposal by failing to adequately notify the public of the January hearings. Under Maryland Code Annotated (1974, 2002 Repl.Vol.), § 3–114(c) of Public Utility Companies Article ("PUC"), "interested persons" aggrieved by an order of the Commission may request a rehearing within thirty days of an order. Accordingly, the deadline for requesting a rehearing was April 25, 2003. On April 24, 2003, Tribbey, one of the five appellants in this case, requested a rehearing. In the request, he identified himself as the "Representative" of a class of concerned and interested citizens who would be affected by the turbine construction. On August 8, 2003, the Commission, finding that Mr. Tribbey was not an "interested party," denied his request.

---

1. Appellees included, in the appendices of their briefs, portions of the record from the proceedings before the Commission and the subsequent appeal to the Circuit Court for Baltimore City. Appellants filed a motion with this Court to strike "Page 9 to 62 of the Appellee Public Service Commission Appendix in its Appellee's Brief and Pages 4 to 18 of the Appellee Clipper Windpower, Inc. Appendix in its Appellee's Brief," pursuant to Maryland Rule 8–431. We shall grant appellants' motion to strike.

Section 3–204(c) of PUC provides that, "[i]f a rehearing by the Commission is applied for, a proceeding for judicial review may be filed after service of the decision of the Commission that denies the rehearing." Tribbey, Sprenger, and Bounds, in addition to Troy Gnegy, filed for judicial review[2] of the Commission's March 26, 2003 Order in the Circuit Court for Baltimore City on September 3, 2003—twenty-six days after the Commission's denial of a request for rehearing and over five months after the Commission's order.

The circuit court determined that Tribbey, Sprenger, Bounds, and Gnegy were not "interested persons" within the meaning of PUC § 3–114(c), and that the deadline for seeking judicial review had not been extended by Tribbey's rehearing request. The circuit court dismissed their petitions for judicial review as untimely. This Court reversed the decision of the circuit court. We held that Mr. Tribbey was an "interested person" under the applicable statute and that his right to seek judicial review in the circuit court had been preserved by the rehearing request. *See Sprenger v. Public Service Commission of Maryland,* Nos. 257 and 259, September Term, 2004 (filed July 27, 2005). The Court of Appeals granted certiorari on March 9, 2006, and oral arguments were heard on June 5, 2006. A decision by the Court of Appeals is pending.

Fearing what they perceived to be preparation for construction of the turbines, and concerned that the merits of their claim would either not be heard or that the hearing would be delayed by the appeal of the decision of the circuit court, appellants sought declaratory relief in the Circuit Court for Garrett County on April 20, 2005. On August 26, 2005, that court dismissed appellants' complaint on two grounds. First, the court was persuaded that appellants' complaint, although

---

2. Two petitions were filed, one by appellant Tribbey (Case No. 24–C–0306366) and one by appellants Sprenger and Bounds, in addition to Mr. Gnegy (Case No. 24–C–036325). The two cases were consolidated by the Circuit Court for Baltimore City.

styled as a petition for declaratory relief, was, in essence, a belated appeal from the Commission's March 26, 2003 Order. Second, the court determined:

> Prior to the filing of [the] petition [in the Circuit Court for Garrett County], three of the Plaintiffs sought judicial review in the Circuit Court for Baltimore City based on the same issues presented to this court.... It is not appropriate or judicially economical for this court to consider the same issues.

## STANDARD OF REVIEW

In reviewing a motion to dismiss, we are mindful of the following rules:

> 1. Well pleaded allegations are accepted as true for purposes of the motion to dismiss, *Sharrow v. State Farm Mut. Auto. Ins. Co.*, 306 Md. 754, 768, 511 A.2d 492, 499–500 (1986);
>
> 2. The inferences most favorable to the plaintiff are drawn from well pleaded facts, *id.;* and
>
> 3. "Any ambiguity or want of certainty in the allegations must be construed against the pleader." *Read Drug & Chem. Co. v. Colwill Constr. Co.*, 250 Md. 406, 416, 243 A.2d 548 (1968).

*Manikhi v. Mass Transit Admin.*, 360 Md. 333, 344–45, 758 A.2d 95 (2000). "[B]ecause we must deem the facts to be true, our task is confined to determining whether the trial court was legally correct in its decision to dismiss." *Debbas v. Nelson*, 389 Md. 364, 372, 885 A.2d 802 (2005). In other words, we review the trial court's decision *de novo*. *Reichs Ford Road Joint Venture v. State Rds. Comm'n of the State Highway Admin.*, 388 Md. 500, 509, 880 A.2d 307 (2005).

## DISCUSSION

*I. Did the circuit court err in finding that appellants'
complaint was a belated appeal, and not a
petition for declaratory relief?*

On April 20, 2005, appellants filed in the Circuit Court for Garrett County (Case No. 24–C–03–006325) a "Petition for

Declaratory Relief" based on three grounds.[3] All parties to this appeal, however, focus primarily on PUC § 3–201 and, alternatively, the Maryland Uniform Declaratory Judgments Act (the "Act"), Maryland Code (1974, 2002 Repl.Vol.), § 3–401 *et. seq.* of the Courts and Judicial Proceedings article ("CJ"). Counsel for appellants explained, at the hearing on appellees' motions to dismiss, why the petition was brought under multiple theories:

> I raised all of those options, because one of them, I believe, has to be right. It doesn't really make any difference to me which one it is, but an individual who has an interest in a proceeding[ ] . . . has to have some remedy to correct that, and if it's not proceeding before the Public Service Commission, and if it's not [pursuant to the Public Utility Companies Article], then it has to be a typical declaratory judgment action, and . . . I wouldn't miss an opportunity because of failing to raise a technical issue.

It was the task of the circuit court, and now, this Court, to determine whether appellants' petition for declaratory relief was sufficient under either theory.

### A. The Public Utility Companies Article

PUC §§ 3–201 and 202 provide for challenging the two primary forms of agency actions—(1) rule-making, and (2) adjudications. Section 3–201 governs the challenge to *regula-*

---

**3.** The third ground was based on Maryland Code (1984, 2004 Repl. Vol.), § 10–125(a)(1) of the State Government Article ("SG"). As of June 1, 2004, PUC § 3–201 directs persons aggrieved by a regulation of the Commission to proceed under SG § 10–125. In its current form, SG § 10–125 states, in relevant part:

> (a) *Petition authorized.*—(1) A person may file a petition for a declaratory judgment on the validity of any regulation, whether or not the person has asked the unit to consider the validity of the regulation.

If a regulation of the Commission was challenged under the former version of PUC § 3–201, SG § 10–125 was inapplicable. If a regulation of the Commission is challenged under the revised version of PUC § 3–201, SG § 10–125 applies. There is, however, no substantive difference between the former version of PUC § 3–201 and SG § 10–125. Therefore, the analysis is the same.

*tions/rules* that are promulgated by the Commission. The section reads, in pertinent part: [4]

> (a) *In general*—(1) The validity of a *regulation* of the Commission may be determined on a petition for declaratory judgment whenever it appears that the *regulation,* or its application, actually or potentially interferes with or impairs the legal rights or privileges of the petitioner.

(Emphasis added.)

Section 3–202 relates to challenges of decisions or orders resulting from *adjudications* by the Commission. It provides, in pertinent part:

> (a) *In general.*—[A] party or person in interest ... that is dissatisfied by a *final decision or order of the Commission* may seek judicial review of the decision or order as provided in this subtitle.

(Emphasis added.)

After Clipper filed its application with the Commission to authorize the construction of its turbines, a hearing examiner conducted two days of hearings on January 7 and 8, 2003. The hearing examiner then issued a proposed order on February 11, 2003, which was adopted by the Commission as its final order on March 26, 2003. The Commission's order was an *adjudication* of Clipper's application for a Certificate of Public Convenience and Necessity. Appellants do not contend otherwise.

■ On August 16, 2005, the Circuit Court for Garrett County conducted a hearing on appellees' motions to dismiss. During the proceeding, counsel for appellants acknowledged that "3–201 ... allows the bringing of, essentially, a declaratory judgment action, of actions of the Public Service Commission, if it is *rule making* or if there is an objection to the application of the *rule.*" (Emphasis added.) During the

---

4. As noted, the language of PUC § 3–201, "Declaratory judgment," was revised on June 1, 2004. *See supra* note 3. The parties refer to the language of the former version, quoted above. PUC § 2–301 is now entitled, "Challenge to validity of *regulations.*" (Emphasis added.)

hearing, counsel expressed his concern that the length of the appeals process, arising from the Baltimore City judicial review action, would cause irreparable harm to his case:

> It came to our attention that it looked like Clipper was getting ready to build the wind turbines in Garrett County, and having fought the procedural battle [in the Circuit Court for Baltimore City], we were looking for other ways to raise the issue to see if we could get some decision on the merits because, although this has been pending for a long time, we've had no—no review of the merits. We've had no opportunity to present to a judge our issues for decision on the merits.

> \* \* \*

> [I]n the meantime, Clipper can proceed with this project. There's no way—there's no way for us to do anything to get this issue resolved, and my concern is once there's sixty-seven 400–foot wind turbines out on Backbone Mountain and we finally get in front of a judge and say we should have had a hearing, and the judge says you should have had a hearing, but there's already sixty seven turbines standing out there. And so, we brought this proceeding[ ]. . . .

Because the Commission's Order No. 78354 did not constitute rule making, appellants cannot seek declaratory relief under § 3–201.

Moreover, the aforesaid argument highlights the fact that the Garrett County proceeding is, in essence, an attempt to seek judicial review of the Commission's order. In their Petition for Declaratory Relief, appellants "request[ed] that the orders of the Public Service Commission . . . be stricken and the Application remanded to the Public Service Commission to conduct proceedings on the Application in compliance with [certain enumerated requirements]." This is the same relief sought in the petition for judicial review in the Circuit Court for Baltimore City under PUC § 3–202.

In dismissing appellants' claim, the Circuit Court for Garrett County stated:

Plaintiff's petition, no matter how captioned, is a petition for judicial review of an order of the Commission that was issued over two years ago. The petition does not ask this court to declare any rights, status, or other legal relations of the Plaintiffs, nor does the petition challenge a regulation of the Commission.

Prior to the filing of this petition, three of the Plaintiffs sought judicial review in the Circuit Court for Baltimore City based on the same issues presented to this court. Not only had a petition for judicial review been filed previously by some of the appellants in the Circuit Court for Baltimore City, no authority, statutory or otherwise, would enable appellants to seek judicial review of an order of the Commission issued over two years prior to the filing of their complaint. The right to judicial review rises or falls with the proceedings in the Circuit Court for Baltimore City.

### B. The Maryland Uniform Declaratory Judgments Act

■ The Act is "remedial." Its stated purpose is to "settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." CJ § 3–402. Relying on the purpose provision of the Act, appellants assert that the "uncertainty and insecurity with respect to rights of landowners" and "individuals' rights to notice" permit them to seek relief under the Act. Again, we do not agree.

Relief under the Act is not available if an alternative statutory remedy is available. Courts and Judicial Proceedings § 3–409(b) states clearly that, "if a statute provides a special form of remedy for a specific type of case, that statutory remedy shall be followed in lieu of a proceeding under this subtitle." Maryland courts " 'have repeatedly held that *where a specific statutory remedy is available,* it is mandatory for the court to dismiss the suit for declaratory judgment and remit the plaintiff to the alternative forum.' " *Abington Ctr. Associates, Ltd. v. Balt. County,* 115 Md.App. 580, 592, 694 A.2d 165 (1997) (alteration in original) (quoting *Maryland–National Capital Park & Planning Comm'n v. Wash. Nat'l Arena,* 282 Md. 588, 595, 386 A.2d 1216 (1978)).

Because the General Assembly has expressly provided "interested persons" with the ability to challenge the Commission's adjudicatory findings under PUC § 3–202, appellants may not seek a petition for declaratory relief under the Act.

Appellants appear to appreciate the deleterious effect that CJ § 3–409(b) has on their case. Counsel for appellants specifically addressed this issue during the motions hearing:

> [Counsel for the Maryland Public Service Commission] says that [the Act] applies only if there's no other remedy. Well, if our appeal [from the Circuit Court for Baltimore City] is [delayed] ... but we still have an issue ... and we can't go that route, and if [the provisions of the PUC are] not the right remedy, then we have no other statutory remedy other than [the Act].

Their argument, however, fails to appreciate that "a special form of remedy" was, in fact, provided for this "specific type of case." CJ 3–409(b).

The statutory remedy for "a party or person in interest ... dissatisfied by a final decision or order of the Commission" is to "seek judicial review of the decision or order as provided by [the provisions of PUC]." PUC § 3–202. To be sure, Tribbey, Sprenger, Bounds, and Gnegy sought to exercise this right on September 3, 2003, when they sought judicial review in the Circuit Court for Baltimore City, pursuant to PUC § 3–202.

Whether their petitions were timely is not before us. Should the Court of Appeals determine that Tribbey, Sprenger, Bounds, and Gnegy are not time-barred from bringing their appeal to the Circuit Court for Baltimore City, they will have the opportunity to reach the merits of their argument. If, on the other hand, the Court of Appeals determines that they did not timely exercise their rights under PUC § 3–202, *every* circuit court in Maryland will be bound by that decision. A separate assault based on the same remedy cannot be used to "jumpstart" a stalled statutory process. Declaratory relief under the Act does not afford a failsafe to parties who fail to satisfy the procedural requirements of the statutory remedy. Failure to timely exercise their statutory remedy does not

entitle appellants to now obtain declaratory relief under the Act.

II.  *Did the circuit court err in finding that appellants' claim was barred because it involves the same factual and legal issues properly before another of Maryland's circuit courts?*

■  Were we to assume, which we do not, that appellants filed a proper petition for declaratory relief in the Circuit Court for Garrett County, the claim would still involve the same issues and parties involved in proceedings before the Circuit Court for Baltimore City. Therefore, under principles relating to declaratory relief, appellants petition was properly dismissed as duplicative.

■  Generally, "courts will not entertain a declaratory judgment action 'if there is pending, at the time of the commencement of the action for declaratory relief, another action or proceeding involving the same parties and in which the identical issues that are involved in the declaratory action may be adjudicated.'" *Post v. Bregman*, 349 Md. 142, 160, 707 A.2d 806 (1998) (citing *Waicker v. Colbert*, 347 Md. 108, 113, 699 A.2d 426 (1997)); *see also Brohawn v. Transamerica Ins. Co.*, 276 Md. 396, 405–06, 347 A.2d 842 (1975). Appellants concede that the underlying issues are the same in both courts. In the Garrett County motions hearing, counsel for appellants stated: "The issues raised in the Circuit Court for Baltimore City are almost exactly the same issues that I raised in Garrett County. I mean—that's not—there's no secret there. We've been trying to raise the issues as best we can." In their brief, as well, "Appellants acknowledge[d] that the issues raised in Garrett County were the same issues attempted to be raised, but denied the opportunity, in the Circuit Court for Baltimore City."

Nevertheless, appellants argue that the two cases may be different because there are "different parties" involved in the two proceedings. Appellants contend, without citing to any authority, that the inclusion of Roderick and Harvey in the

Garrett County action should prevent the circuit court from dismissing their claim "because they are not parties" to the Baltimore City action and therefore must be allowed to pursue a meritorious claim. During the motions hearing, counsel for the Commission stated:

> [T]here were two parties here who were not parties in Baltimore City. That might be true, technically. They're different names. They weren't on the papers filed in Baltimore City, but their interests are ... identical to the other parties, the other Plaintiffs. If the other Plaintiffs prevail in Baltimore City, these [two additional parties] are going to be affected in the same way. They're going to have the same remedy.

Counsel for Clipper agreed, adding, "[T]here's basically no limit and no finality. There's never going to be any limit, because there's always going to be somebody ... who lives in Garrett County and can say that they will have some interest and will somehow be affected if the turbines are built."

Parties to the Baltimore City action include Sprenger, Bounds, Tribbey, and Gnegy. In the Garrett County action, Roderick and Harvey are additional plaintiffs, but Gnegy is not a plaintiff. We are not persuaded that this mix and match of individuals changes the outcome.[5] Clearly, the issues are the same and there is a general mutuality of interest among all the parties in both actions. In fact, Tribbey, in his request for rehearing, identified himself as the "Representative" of a class of concerned and interested citizens affected by the grant of Clipper's application. All appellants seek to overturn the order of the Commission. Roderick and Harvey are not necessary parties to the relief sought. In *Waicker,* 347 Md. 108, 114, 699 A.2d 426 (quoting 1 W.H. Anderson, *Actions For Declaratory Judgments,* § 209 at 444 (2d ed.1951)), the Court of Appeals remarked: "Where the issues in the declaratory action are the same as those involved in a pending action, the mere fact that an unnecessary party is joined, either as a

---

**5.** At oral argument, the possibility of adding parties to the Baltimore City proceeding, if it should proceed, was discussed.

plaintiff or a defendant will not prevent the operation of the rule to bar the declaratory action."

We find the reasoning in *Waicker* instructive. What is effectively the same cause of action, whether framed as an action for declaratory relief or judicial review, cannot be brought in different circuit courts by adding additional parties.

Appellants also contend that their petition should not be dismissed because the Baltimore City case is "on appeal." Appellants, citing several cases, recognize the general principle that declaratory relief will not be afforded to a plaintiff if the same issues are already pending in another case.[6] They seek to distinguish this case by claiming that the judicial review proceeding is no longer "pending" before the Circuit Court for Baltimore City. As explained by appellants during the motions hearing:

> The law in Maryland says that you cannot have the same issues pending in two different [c]ircuit [c]ourts at the same time. Our issues aren't pending in the Circuit Court for Baltimore City any more. They've been dismissed. If there [was] no petition for cert. and the case [was] remanded back to the Circuit Court for Baltimore City, then there would be similar issues pending in both jurisdictions and *the proper remedy at that point is probably to combine the*

---

6. *Brohawn v. Transamerica Ins. Co.*, 276 Md. 396, 405, 347 A.2d 842 (1975) (" 'Where an action or proceeding is already pending in another forum involving the same issues, it is manifestly unwise and unnecessary to permit a new petition for a declaration to be initiated ... in that suit.' ") (quoting *Grimm v. Co. Comm'rs of Wash. County*, 252 Md. 626, 637, 250 A.2d 866 (1969)); *Allstate Ins. Co. v. Atwood*, 71 Md.App. 107, 523 A.2d 1066 (1987); *Polakoff v. Hampton*, 148 Md.App. 13, 29, 810 A.2d 1029 (2002) ("[W]hen ... the question to be resolved in the declaratory judgment action will be decided in a pending ... action, it is inappropriate to grant a declaratory judgment...." (citing *Brohawn*, 276 Md. at 406, 347 A.2d at 849)); *Grimm*, 252 Md. 626, 250 A.2d 866; *State v. 91st St. Joint Venture*, 330 Md. 620, 628, 625 A.2d 953 (1992) ("It has long been the rule in this State that, once a court takes jurisdiction over a particular subject matter, another court of concurrent jurisdiction generally should abstain from interfering with the first proceeding.").

*cases.* But right now, the issues are not pending in Baltimore City.

(Emphasis added.) Without endeavoring to demarcate the semantic boundaries of the word "pending" in this context, we are persuaded that the Baltimore City case, although on appeal, remains a pending case. It simply awaits a final decision. Appellants were successful in their appeal to this Court and no decision has yet been announced by the Court of Appeals. To hold otherwise would enable litigants to continuously re-file the same claim in circuit court whenever the prior decision is on appeal.

Assuming appellants' petition for declaratory relief is proper, and assuming that the Court of Appeals remands the Baltimore City action to the circuit court as timely filed, two cases involving identical issues would proceed on the merits. The Circuit Court for Garrett County aptly stated: "What concerns me is the integrity of the process, in that we have, seemingly, the same complaint in two different areas ... and we can't have two litigations, covering the same items, going on at the same time." We agree.

**JUDGMENT AFFIRMED.**

**COSTS TO BE PAID BY APPELLANT.**